MATHEYS (COOPER v.). See Case No. 3,-200.

MATHIESSON (UNION SUGAR REFINERY v.). See Case No. 14,397.

MATHOIT (UNITED STATES). See Case No. 15,740.

═══

## Case No. 9,279.

### MATHUSON v. CRAWFORD.

[4 McLean, 540.] [1]

Circuit Court, D. Indiana. May Term, 1849.

CONTRACTS—LEX LOCI CONTRACTUS—REMEDY—LEX FORI.

1. The law of the contract must be regarded and enforced by all courts, wherever suit may be brought.

2. But this law can not embrace the remedy. The remedy belongs to the state where it is brought.

[This was an action of ejectment by Doe, on the demise of B. Mathuson, against Crawford.]

Smith & Yandees, for plaintiffs.
Harvy, Gregg & Hammond, for defendant.

OPINION OF THE COURT. This case is submitted to the court, on the following facts: The judgment upon which the land in question was sold was for a note in Cincinnati, dated on the 5th day of September, 1839, executed by the defendant to Caroline White, etc. The judgment was rendered in Indiana, 7th day of October, 1841, and was replevied by Amos S. Wells, on the 23d day June, 1842, fi. fa. issued and delivered to the sheriff, and on the 12th July, 1842, the land was valued, under the provisions of the statute, at $1200; on the 15th of August. 1842, the land was offered for sale and a return made, "no sale for want of bidders." On the 3d of July, 1844, the plaintiff's lessor purchased the land for $161, without regard to the appraisement laws. He the lessor of the plaintiff then being the owner of the judgment by assignment. On the 28th day of December, 1846, the sheriff made a deed for the land. It is now worth $800.

The question which arises from the above facts is, whether the sale made by the sheriff, of the land in question, without regard to the valuation laws, is void. The statute of Indiana, approved 13 February, 1841, provides, that no lands shall be sold for less than one-half their value, and that to be determined by appraisers under oath. This land sold for $160, less than half its appraised value, and less than half its real value as agreed. At the time the law required real estate to sell for its full value. Rev. Code 1843, p. 1044. This case is supposed to have been decided by this court in the case of Smith v. Atwood [Case No. 13.006]. In that case a motion was made to set aside the return of the marshal, and that

1 [Reported by Hon. John McLean, Circuit Justice.]

he be directed to collect the money under the laws of Pennsylvania, on the ground that the note on which the judgment was entered was made in Pennsylvania. The court over-ruled the motion. That was the decision given in the case referred to.

The case now before us calls upon the court to decide whether the laws of Ohio, where this note was made, shall control the execution on a judgment rendered in Indiana. And it must be admitted that the doctrine laid down in the case of McCracken v. Hayward, 2 How. [43 U. S.] 606, sustains the position taken, that the laws of Ohio must govern. In that case the court says, "the obligation of the contract between the parties, was to perform the promises and undertakings contained therein; the right of the plaintiff was to damages for the breach thereof, to bring suit and obtain a judgment, to take out and prosecute an execution against the defendant, till the judgment was satisfied pursuant to the existing laws of Illinois. Those laws, (that is the laws of the remedy), giving those rights, were as perfectly binding on the defendant, and as much a part of the contract, as if they had been set forth in its stipulations, in the very words of the law, relating to judgments and executions." No one can mistake the principle here laid down. It incorporates the remedy into the contract, as constituting an essential part of it. This being the rule, in regard to the remedy, we are not to look to the laws in force at the time it is actually sought, but we must refer back to the date of the contract, and inquire what laws were then in force. The legislature may have repealed them, but the simple act of making the contract keeps them in force, as a remedy, in defiance of legislative power. This, looking to the remedy only, is a startling position; and if it have no other merit, is certainly novel. We know, practically, that some of our state legislatures make, almost annually, alterations in remedial laws. How these different modes would work, all remaining in force as laws of contracts, remains to be seen. It would, certainly, greatly increase the perplexities of all sheriffs and marshals, and others who are called upon to perform similar duties. But the principle does not end here. The contract brings into any state where suit may be brought upon it, the remedy which the law gave in the state where it was entered into. This is clearly within the decision. And this places the law of the remedy, not only above the legislative control of the state where the suit is brought, but the contract brings into the state new remedies, of other states, never having been recognized in the state where they are to be enforced. And in carrying out such a principle, it might happen, and no doubt would occur, that the means of giving effect to a foreign remedy, legalized by the contract, do not exist in the state. Will the foreign law, brought into a state by the contract, enable the court or the parties to insti-tute the necessary agencies to give it effect? The case in Illinois where the contract was made and enforced, gave some plausibility to the principles laid down in the decision; but it must be seen by every one who examines the subject, that the principle can not be carried out. It is impracticable, and can not be enforced in numerous cases. In the present case the laws of Ohio can not be recognized in Indiana, in giving a different remedy from the existing law here. No difficulties arise in giving effect, in any state to what is properly called the law of the contract, in contradistinction to the law of the remedy. The above decision confounds the two which are distinct in their nature and obligation, and treats them as one. In this, in my judgment, the error of the decision consists.

In the case before us, the note was given to a firm in Cincinnati, and payment was to be made there. We look to Ohio for the rate of interest, and also if there were indorsements, to the demand of payment and protest, and notice required by the law of Ohio. But as the remedy has been sought in Indiana, the laws of Indiana must govern. Not the laws in force at the date of the contract, for it having been made in Ohio, by no possible construction, could have had any reference to the laws of Indiana. Those laws are invoked for the first time in bringing the suit, and the law in force, regulating execution at the time judgment was rendered, must govern the case.